UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANCISCO E. MARTÍNEZ,           )
P. O. Box 753                    )
Alamosa, CO 81101-0753,          )     Judge _____
                                 )     Civil Action No. _____
            PLAINTIFF            )
      vs.                        )
                                 )
                                 )
DEPARTMENT OF JUSTICE,           )
950 Pennsylvania Ave., NW        )
Washington, DC 20530,            )
                                 )
NATIONAL SECURITY AGENCY,        )
9800 Savage Rd.                  )
Fort Meade, MD 20755,            )
                                 )
DEPARTMENT OF HOMELAND           )
SECURITY,                        )
245 Murray Lane, SW              )
Washington, DC 20528             )
                                 )
DEPARTMENT OF DEFENSE,           )
1400 Defense Pentagon            )
Washington, DC 20301-1400,       )
                                 )
CENTRAL INTELLIGENCE AGENCY,     )
Washington, DC 20505             )
DEPARTMENT OF DEFENSE,           )
                                 )
BUREAU OF INDIAN AFFAIRS,        )
MS-4606                          )
1849 C St., NW                   )
Washington, DC 20240             )
                                 )
OFFICE OF THE DIRECTOR OF        )
NATIONAL INTELLIGENCE,           )
1500 Tysons McLean Dr.           )
McLean, VA 22102                 )
                                 )
            DEFENDANTS            )
                                 )
_____  )

## COMPLAINT

## THE PARTIES

1.      Plaintiff Francisco E. Martínez is a citizen of Colorado.

2.      Defendant Department of Justice ("DOJ") is an agency of the United States within the meaning of 5 USC § 552(f).

3.      The Bureau of Alcohol, Tobacco, Explosives and Firearms; Community Relations Service; Criminal Division; Drug Enforcement Agency; National Security Division; U.S. Marshals Service; and Federal Bureau of Investigation are components within the DOJ.

4.      Defendant National Security Agency ("NSA") is an agency of the United States within the meaning of 5 USC § 552(f).

5.      Defendant Department of Homeland Security ("DHS") is an agency of the United States within the meaning of 5 USC § 552(f).

6.      Customs and Border Patrol, Federal Emergency Management Agency, and the United States Secret Service are components of Defendant DHS.

7.      Defendant Department of Defense ("DOD") is an agency of the United States within the meaning of 5 USC § 552(f).

8.      The Army's 115th Military Intelligence Group, the Defense Intelligence Agency, and the Naval Criminal Investigate Service are components of Defendant DOD.

9.      Defendant Central Intelligence Agency ("CIA") is an agency of the United States within the meaning of 5 USC § 552(f).

10.     Defendant Bureau of Indian Affairs ("BIA") is an agency of the United States within the meaning of 5 USC § 552(f).

11.     Defendant Office of the Director of National Intelligence ("ODNI") is an agency of the United States within the meaning of 5 USC § 552(f).

## JURISDICTION AND VENUE

12.     This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552 and the Privacy Act of 1974 ("PA"), 5 USC § 552a.

13.     This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B) and 5 USC § 552a(g)(1)(B).

14.     Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B) and 5 USC § 552a(g)(5).

## STATEMENT OF FACTS

### BACKGROUND

15.     Plaintiff Francisco E. Martínez is an attorney who has been licensed to practice law since 1971.  He has served as legal counsel for many individuals and organizations involved in political and social activism; many of them subjected to racist and political repression by local, state and federal police agencies.

16.     Over the decades he has been involved in the painstaking process of interviewing persons who were active during the Chicano Movement era, researching publicly accessible information and analyzing the information in his possession.

17.     Plaintiff submitted FOIA requests to a number of agencies and components as part of the research project in which he is currently engaged addressing these precise issues. His project explores the role of the U.S. government, intelligence agencies, and law enforcement agencies in the struggle for Chicano civil rights.

18.     Plaintiff's FOIA and PA requests seek records about living and deceased individuals, organizations, publications, and events which are components of his "Chicano activists" research project.

## PLAINTIFF'S FOIA/PA REQUESTS

DOD – 115th Military Intelligence Group (115 MIG)

19.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records about 9 living individuals, 22 deceased individuals, 21 organizations, 8 publications, a specifically identified memorandum, a specifically identified file, 3 categories of files, and 22 events. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

20.     The request was assigned tracking number 15-953.

21.     Because more than 20 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.


Bureau of Indian Affairs (BIA)

22.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records about 10 living individuals, 13 deceased individuals, 9 organizations, 5 publications, 3 categories of files, and 8 events. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

23.     After not receiving a response from BIA, Plaintiff sent a follow-up letter on February 17, 2016. Plaintiff has still not received any response with respect to this FOIA/PA request.

24.     Because more than 20 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.

Central Intelligence Agency (CIA)

25.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records mentioning or referring to 4 living individuals, 8 deceased individuals, 20 organizations, 2 documents, and 9 events. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

26.     In a letter dated December 4, 2015, the CIA assigned Plaintiff's request tracking number F-2016-0079, denied Plaintiff's request for a fee waiver, and denied his alternative request to be considered a representative of the news media for fee purposes. The CIA further indicated that it considered Plaintiff to be a commercial requester. The CIA also claimed that unusual or exceptional circumstances applied.

27.     On January 9, 2016, Plaintiff appealed the CIA's determinations as to his denial of a fee waiver and his placement into the commercial requester category. Plaintiff further committed to paying $50 of costs, should his appeal be denied.

28.     In a letter dated February 26, 2016, the CIA affirmed its earlier determination with respect to fee waiver and fee category placement. The letter further indicated that the CIA would not process Plaintiff's FOIA/PA request unless he agreed to pay all costs associated with his request.

29.     Because more than 20 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies

## DOD – Defense Intelligence Agency (DIA)

30.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records about 6 living individuals, 12 deceased individuals, 14 organizations,  5  publications, 4 categories of documents, and 13 events. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

31.     In a letter dated October 2, 2016, the DIA assigned the request tracking number 0528-2015. The DIA claimed that unusual circumstances apply to the processing of the request.

32.     Plaintiff has not received any further communications from DIA with respect to this request.

33.     Because more than 30 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.

## DHS – Customs and Border Patrol (CBP)

34.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records about 6 living individuals, 16 deceased individuals, 20 organizations, 3 categories of documents, and 7 events. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

35.     In a letter dated October 6, 2015, CBP assigned the request tracking numbers CBP-2016-000633, CBP-2016-000635, CBP-2016-000637, CBP-2016-000638, CBP-2016-000640, CBP-2016-000641, CBP-2016-000644, CBP-2016-000645, CBP-2016-000647, CBP-2016-000648, CBP-2016-000650, CBP-2016-000651, and CBP-2016-000654.

36.     On October 27, 2015, CBP sent two emails to Plaintiff claiming that there were no records for the requests with tracking numbers 2016-000638 and 2016-000651.  Plaintiff replied by email on October 29, 2015 asking for clarification as to which subjects those two tracking numbers corresponded with. CBP did not respond.

37.     On December 14, 2015, CBP sent an email to Plaintiff claiming that it needed more details to search for 6 deceased  and 5 living individuals.  On January 18, 2016, Plaintiff replied with two emails indicating that the subjects and tracking numbers seemed to be jumbled up.  Plaintiff again sought clarification on tracking numbers 2016-000638 & 2016-000652 referred to above.

38.     On January 27, 2016, Plaintiff received a phone call from a FOIA officer at CBP. Based on the phone conversation, Plaintiff agreed to resubmit his requests electronically.

39.     On February 24, 2016, Plaintiff electronically submitted the requests to CBP for 6 living persons.

40.     On February 25, 2016, Plaintiff electronically submitted the requests to CBP for 18 organizations.

41.     On February 26, 2016, Plaintiff electronically submitted the requests to CBP for 8 events.

42.     On February 26, 2016, Plaintiff electronically submitted the requests to CBP for 3 deceased persons.

43.     On February 27, 2016, Plaintiff electronic submitted the requests to CBP for 12 deceased persons.

44.     CBP assigned the following tracking numbers to the requests for records on living individuals: CBP-2016-023308; CBP-2016-023311; CBP-2016-023314; CBP-2016-023316; CBP-2016-023318; CBP-2016-023321; CBP-2016-023325; CBP-2016-022805; CBP-2016-023123; CBP-2016-023332; CBP-2016-023335; CBP-2016-023348; CBP-2016-023351; and CBP-2016-023353.

45.     CBP assigned the following tracking numbers to the requests for records on deceased individuals: CBP-2016-023989; CBP-2016-023991; CBP-2016-023995; CBP-2016-024089; CBP-2016-024090; CBP-2016-024091; CBP-2016-024092; CBP-2016-024093; CBP-2016-024095; CBP-2016-024096; CBP-2016-024097; CBP-2016-024098; CBP-2016-024099; CBP-2016-024101; and CBP-2016-024102.

46.     CBP assigned the following tracking numbers to the requests for records on organizations: CBP-2016-023646; CBP-2016-023651; CBP-2016-023653; CBP-2016-023655; CBP-2016-023656; CBP-2016-023657; CBP-2016-023662; CBP-2016-023642; CBP-2016-023663; CBP-2016-023666; CBP-2016-023668; CBP-2016-023669; CBP-2016-023674; CBP-2016-023677; CBP-2016-023678; CBP-2016-023681; CBP-2016-023683; and CBP-2016-023685.

47.     CBP assigned the following tracking numbers to the requests for records on events: CBP-2016-023957; CBP-2016-023964; CBP-2016-023968; CBP-2016-023970; CBP-2016-023972; CBP-2016-023975; CBP-2016-023979; and CBP-2016-023984.

48.     CBP denied Plaintiff's requests for a fee waiver as to each of his requests.

49.     With respect to the requests pertaining to living individuals, CBP closed all of Plaintiff's requests on the grounds that his third-party waiver forms were over one year old and/or the requests did not adequately describe the records sought.

50.     With respect to the requests pertaining to deceased individuals, CBP closed all of Plaintiff's requests on the grounds that the requests did not adequately describe the records sought.

51.     With respect to the requests pertaining to organizations, CBP closed all of Plaintiff's requests on the grounds that he did not provide third-party waiver forms from the organizations and/or that the requests did not adequately describe the records sought.

52.     With respect to the requests pertaining to events, CBP closed all of Plaintiff's requests on the grounds that he did not provide third-party waiver forms and/or that the requests did not adequately describe the records sought.

53.     On February 27, 2016, Plaintiff spoke with a representative from CBP regarding his requests. She asked for copies of his original non-electronic requests, which Plaintiff sent to her by email the same day.  The representative sent Plaintiff an email acknowledging receipt and stating that CBP would continue to process his request.

54.     Also on February 27, 2016, Plaintiff emailed a letter to CBP regarding his requests. In the letter, Plaintiff suggested potential ways to move forward with processing of his FOIA requests.

55.     On March 9, 2016, the representative responded to Plaintiff advising that she had been ill and was swamped with work, but would get back to Plaintiff the following week.

56.     After not receiving any update from the representative, on March 27, 2016, Plaintiff emailed the representative asking for an update. As of the filing of this case, no further update has been received.

57.     Because more than 20 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.

DHS – Federal Emergency Management Agency (FEMA)

58.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records about 12 living individuals and 36 deceased individuals. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

59.     FEMA assigned the request tracking numbers FEMA-2016-FEFO-01168.

60.     On April 20, 2016, Plaintiff resent FEMA proofs of death and privacy waivers.

61.     Because more than 20 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.

DHS – United States Secret Service (USSS)

62.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records about 12 living individuals and 40 deceased individuals. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

63.     In a letter dated October 30, 2015, the USSS assigned the request tracking numbers 20160059 through 20160110. The USSS held Plaintiff's request for a fee waiver in abeyance, but indicated that if it denies his request for a fee waiver, it will not treat Plaintiff as a representative of the news media for fee purposes.

64.     The October 30, 2015 letter further requested from Plaintiff additional information with respect to certain portions of his request: privacy waivers from certain living individuals; proof of death for certain deceased individuals; and date and place of birth for certain individuals.

65.     In a letter dated November 10, 2015, the USSS indicated that it was providing a final response to the portions of Plaintiff's requests relating to 44 individuals. The letter advised that with respect to 33 individuals, the USSS had found no responsive records, and that with respect to one individual, the USSS was processing potentially responsive records. The letter did not indicate what its final response was with respect to the remainder of Plaintiff's FOIA request.

66.     On November 27, 2015, Plaintiff responded to the USSS's October 30, 2015 letter, providing all of the requested information.

67.     On November 27, 2015, Plaintiff responded to the USSS's November 10, 2015 letter, requesting information about the status of the requests that the USSS had not yet ruled on.

68.     In a letter dated June 15, 2016, the USSS released responsive records to Plaintiff's request relating to one individual.

69.      Plaintiff has not received any further response with respect to his FOIA/PA request.

70.     With respect to the remaining portions of Plaintiff's FOIA/PA request, more than 20 business days have elapsed with no final determination from the agency as to whether it will release records. Accordingly, Plaintiff is deemed to have constructively exhausted his administrative remedies.


DOJ – Bureau of Alcohol, Tobacco, Explosives, and Firearms (BATF)

71.     On September 16, 2015, Plaintiff submitted a FOIA request for records relating to the Chicano civil rights movement. The request sought records about 31 living individuals, 77 deceased individuals, 56 organizations, 17 publications, 4 categories of files, and 24 events. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

72.     In a phone call with plaintiff on April 12, 2016, an ATF representative claimed that the agency have never received this FOIA request. Plaintiff therefore resent his FOIA/PA request on April 21, 2016. Records of the U.S. Postal Service indicate that the resent requests were delivered on April 26, 2016.

73.     Plaintiff has not received any further response with respect to this FOIA/PA request.

74.     Because more than 20 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.

DOJ – Community Relations Service (CRS)

75.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records about 5 living individuals, 16 deceased individuals, 9 organizations, and 4 topics. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

76.     After not receiving a response, Plaintiff sent a follow-up letter on February 17, 2016.

77.     Plaintiff has not received any further response with respect to this FOIA/PA request.

78.     Because more than 20 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.

DOJ – Criminal Division

79.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records about 16 living individuals, 47 deceased individuals, 55 organizations, 17 publications, and 36 events. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

80.     In a letter dated September 25, 2015, the Criminal Division assigned the request tracking number CRM-300498572.  The Criminal Division claimed that unusual circumstances apply to the processing of the request.

81.     On January 19, 2016, Plaintiff submitted a FOIA request to the Criminal Division requesting an update, but received no response.

82.     Because more than 30 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.

DOJ – Drug Enforcement Agency (DEA)

83.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records about 8 living individuals and 24 deceased individuals. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

84.     In a letter dated October 23, 2015, the DEA assigned the request tracking number 15-00829-F.  The DEA claimed that the request as written did not reasonably describe the records sought. The DEA nevertheless conducted a preliminary search for records. As to 26 of the individuals, the DEA was not able to locate responsive records. As to 1 of the individuals, the DEA refused to process the request without a completed privacy waiver. As to 5 of the individuals, the DEA located 6 files which possibly contain responsive records.

85.     The October 23, 2015 letter also denied Plaintiff's request for a fee waiver and denied his alternative request to be considered a representative of the news media for fee purposes. The letter estimated that search fees would cost $880. The letter further indicated that the DEA was closing the request and would reopen it upon receipt of payment.

86.     On November 30, 2015, Plaintiff administratively appealed the DEA's decision with respect to fees.

87.     In a letter dated December 15, 2015, OIP assigned the appeal tracking number AP-2016-1044.

88.     In a letter dated June 15, 2016, OIP affirmed the DEA's denial of a fee waiver.


Office of the Director of National Intelligence (ODNI)

89.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records about 6 living individuals, 12 deceased individuals, 14 organizations, 5 publications, 5 categories of files, and 13 events. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

90.     In five letters all dated October 30, 2015, ODNI assigned tracking numbers for the portions of the request relating to five living individuals. The tracking numbers assigned were #DP-2016-00012 through #DP-2016-00016. The letter further indicated that no responsive records had been found.

91.     In an email on October 30, 2015, ODNI advised Plaintiff that one additional case number was opened, #DP-2016-00024. The email further advised that a response would be forthcoming outlining ODNI's proposed way forward on processing the remaining requests.In an email on November 14, 2015, ODNI advised Plaintiff that three additional case numbers were

opened: DF-2016-00031 (organizations); DF-2016-00032 (files and documents); and DF-2016-00033 (events).

92.     Plaintiff has received no further correspondence from ODNI.

93.     Except with respect to #DP-2016-00012 through #DP-2016-00016, more than 20 business days have elapsed with no final determination from the agency as to whether it will release records. Plaintiff is therefore deemed to have constructively exhausted his administrative remedies with respect to the remaining portions of his FOIA request.


DOJ – Federal Bureau of Investigation (FBI)

94.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records about 32 living individuals, 77 deceased individuals, 56 organizations, 17 publications, 86 files identified by file number, a specifically identified memorandum, 5 categories of files, and 47 events. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

95.     In a letter dated September 30, 2015, the FBI assigned the request tracking number 1337194-0. The FBI denied Plaintiff's request for a fee waiver and denied his alternative request to be considered a representative of the news media for fee purposes. The FBI also claimed that unusual circumstances apply to the processing of the request.

96.     In a letter dated November 16, 2015 the FBI indicated that it had exhausted the two hours of free search time and located 520 pages of potentially responsive records. The letter further asked Plaintiff to commit to paying for duplication of these records.

97.     On December 3, 2015, Plaintiff sent a letter to the FBI committing to paying up to $150 in search fees.

98.     On December 3, 2015, Plaintiff also administratively appealed the denial of his request for a fee waiver and the denial of his request to be considered a representative of the news media for fee purposes.

99.     In a letter dated January 10, 2016, OIP acknowledged receipt of Plaintiff's appeal and assigned it tracking number AP-2016-00832.

100.    Meanwhile, in a letter dated January 6, 2016, the FBI re-assigned the request tracking number 1337194-1 and again denied Plaintiff's request for a fee waiver and denied his alternative request to be considered a representative of the news media for fee purposes.

101.    In another letter dated January 6, 2016, the FBI claimed that unusual circumstances apply to the processing of the request.

102.    On January 19, 2016, Plaintiff submitted a second administrative appeal based on the FBI's second fee waiver denial and denial of his request to be considered a representative of the news media for fee purposes.

103.    In a letter dated February 11, 2016, OIP acknowledged Plaintiff's appeal and assigned it tracking number AP-2016-01644.

104.    While Plaintiff's administrative appeals remained pending, in a letter dated March 10, 2016, the FBI informed Plaintiff that it had located approximately 1,550 pages of potentially responsive records and asked him to commit to paying for duplication costs.

105.    In a letter dated March 22, 2016, Plaintiff asked the FBI to hold in abeyance his pending FOIPA request until his administrative appeals had been decided.

106.    In a letter dated July 19, 2016, Plaintiff responded to the FBI's letters of November 16, 2015 and March 10, 2016, agreeing to pay an additional $500.00 above and beyond the $150.00 search fee already agreed to and the $55.00 duplication fee already incurred.

107.     Because more than 30 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.

108.     Because more than 20 business days have elapsed with no final determination as to Plaintiff's administrative appeal on the fee issues, Plaintiff is deemed to have constructively exhausted his administrative remedies as to the fee issues

DOJ – National Security Division (NSD)

109.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records about 5 living individuals, 19 deceased individuals, 17 organizations, 5 publications, a specifically identified memorandum, a specifically identified file, 3 categories of files, and 32 events. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

110.     In a letter dated October 1, 2015, DOJ NSD assigned the request tracking number 15-227. DOJ NSD denied Plaintiff's request for a fee waiver and denied his alternative request to be considered a representative of the news media for fee purposes.

111.     Because more than 20 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.

DOJ – U.S. Marshals Service (USMS)

112.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records about 9 living individuals, 17 deceased individuals, 22 organizations, 6 events, and 4 categories of files. The

request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

113.     In a letter dated September 28, 2015, USMS assigned the request tracking number 2015 USMS 29085. The letter further stated that the USMS had searched the Justice Detainee Information System, but located no records responsive to any of the individuals named.

114.     On December 2, 2015, Plaintiff attempted to appeal the USMS decision on his FOIA request, but the appeal was rejected as untimely.

115.     On February 19, 2016, Plaintiff submitted a new request to USMS.

116.     In a letter dated February 2, 2016 (apparently intended to be dated March 2, 2016), USMS requested that Plaintiff provide authorization to release records concerning third parties.

117.     On March 20, 2016, Plaintiff provided copies of the requested authorizations.

118.     In an email on March 30, 2016, USMS acknowledged receipt of Plaintiff's request and the third-party authorizations.

119.     Because more than 20 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.


National Security Agency (NSA)

120.     On September 16, 2015, Plaintiff submitted a FOIA/PA request for records relating to the Chicano civil rights movement. The request sought records about 6 living individuals, 11 deceased individuals, 15 organizations, 5 publications, and 16 events. The request sought a waiver of fees, or in the alternative that Plaintiff be considered a representative of the news media for fee purposes.

121.    In a letter dated October 1, 2015, NSA assigned the request tracking number 82392.

122.    Because more than 20 business days have elapsed with no final determination from the agency as to whether it will release records, Plaintiff is deemed to have constructively exhausted his administrative remedies.

COUNT I:
VIOLATION OF FOIA/PA

123.    This Count realleges and incorporates by reference all of the preceding paragraphs.

124.    Each of the documents referred to in this Complaint is incorporated herein by reference.

125.    Each of the Defendants have violated FOIA and PA by improperly withholding responsive records, failing to grant Plaintiff's request for a waiver of fees, and failing to grant Plaintiff's alternative request to be considered a representative of the news media for fee purposes.

126.    The 115 MIG improperly withheld records relating to about 9 living individuals, 22 deceased individuals, 21 organizations, 8 publications, a specifically identified memorandum, a specifically identified file, 3 categories of files, and 22 events. (No tracking numbers assigned.) The 115 MIG also failed to grant, or even rule upon, Plaintiff's request for a waiver of fees and for classification as a member of the news media for fee purposes.

127.    The BIA improperly withheld records relating to 10 living individuals, 13 deceased individuals, 9 organizations, 5 publications, 3 categories of files, and 8 events. (No tracking numbers assigned.) The BIA also failed to grant, or even rule upon, Plaintiff's request for a waiver of fees and for classification as a member of the news media for fee purposes.

128.    The CIA improperly withheld records responsive to request F-2016-0079. The CIA also improperly denied Plaintiff's request for a waiver of fees and for classification as a member of the news media for fee purposes.

129.    The DIA improperly withheld records responsive to request 0528-2015. The DIA also failed to grant, or even rule upon, Plaintiff's request for a waiver of fees and for classification as a member of the news media for fee purposes.

130.    The CBP improperly withheld records responsive to requests CBP-2016-000633, CBP-2016-000635, CBP-2016-000637, CBP-2016-000638, CBP-2016-000640, CBP-2016-000641, CBP-2016-000644, CBP-2016-000645, CBP-2016-000647, CBP-2016-000648, CBP-2016-000650, CBP-2016-000651, and CBP-2016-000654. The CBP also failed to grant, or even rule upon, Plaintiff's request for a waiver of fees and for classification as a member of the news media for fee purposes.

131.    The CBP also improperly withheld records responsive to requests CBP-2016-023308; CBP-2016-023311; CBP-2016-023314; CBP-2016-023316; CBP-2016-023318; CBP-2016-023321; CBP-2016-023325; CBP-2016-022805; CBP-2016-023123; CBP-2016-023332; CBP-2016-023335; CBP-2016-023348; CBP-2016-023351; CBP-2016-023353; CBP-2016-023989; CBP-2016-023991; CBP-2016-023995; CBP-2016-024089; CBP-2016-024090; CBP-2016-024091; CBP-2016-024092; CBP-2016-024093; CBP-2016-024095; CBP-2016-024096; CBP-2016-024097; CBP-2016-024098; CBP-2016-024099; CBP-2016-024101; CBP-2016-024102; CBP-2016-023646; CBP-2016-023651; CBP-2016-023653; CBP-2016-023655; CBP-2016-023656; CBP-2016-023657; CBP-2016-023662; CBP-2016-023642; CBP-2016-023663; CBP-2016-023666; CBP-2016-023668; CBP-2016-023669; CBP-2016-023674; CBP-2016-023677; CBP-2016-023678; CBP-2016-023681; CBP-2016-023683; CBP-2016-023685; CBP-2016-023957; CBP-2016-023964; CBP-2016-023968; CBP-2016-023970; CBP-2016-023972; CBP-2016-023975; CBP-2016-023979; and CBP-2016-023984.

132.    FEMA improperly withheld records responsive to request FEMA-2016-FEFO-01168. FEMA also failed to grant, or even rule upon, Plaintiff's request for a waiver of fees and for classification as a member of the news media for fee purposes.

133.    The USSS improperly withheld records responsive to requests 20160059 through 20160110. The USSS also failed to grant, or even rule upon, Plaintiff's request for a waiver of fees.

134.    The BATF improperly withheld records relating to 31 living individuals, 77 deceased individuals, 56 organizations, 17 publications, 4 categories of files, and 24 events. (No tracking numbers assigned.) The BATF also failed to grant, or even rule upon, Plaintiff's request for a waiver of fees and for classification as a member of the news media for fee purposes.

135.    The DOJ-CRS improperly withheld records relating to 5 living individuals, 16 deceased individuals, 9 organizations, and 4 topics. (No tracking numbers assigned.) The DOJ-CRS also failed to grant, or even rule upon, Plaintiff's request for a waiver of fees and for classification as a member of the news media for fee purposes.

136.    The DOJ Criminal Division improperly withheld records responsive to request CRM-300498572. The DOJ Criminal Division also failed to grant, or even rule upon, Plaintiff's request for a waiver of fees and for classification as a member of the news media for fee purposes.

137.    The DEA improperly withheld records responsive to request 15-00829-F. The DEA also improperly denied Plaintiff's request for a waiver of fees and for classification as a member of the news media for fee purposes.

138.    ODNI improperly withheld records responsive to requests #DP-2016-00024, #DF-2016-00031; #DF-2016-00032; and #DF-2016-00033. ODNI also failed to grant, or even rule upon, Plaintiff's request for a waiver of fees and for classification as a member of the news media for fee purposes.

139.     The FBI improperly withheld records responsive to request 1337194-0. The FBI
also improperly denied Plaintiff's request for a waiver of fees and for classification as a member
of the news media for fee purposes.

140.     DOJ-NSD improperly withheld records responsive to request 15-227. DOJ-NSD
also improperly denied Plaintiff's request for a waiver of fees and for classification as a member
of the news media for fee purposes.

141.     The USMS improperly withheld records responsive to request submitted on
February 19, 2016. (No tracking numbers assigned.) The USMS also failed to grant, or even rule
upon, Plaintiff's request for a waiver of fees and for classification as a member of the news
media for fee purposes.

142.     The NSA improperly withheld records responsive to request 82392. The NSA
also failed to grant, or even rule upon, Plaintiff's request for a waiver of fees and for
classification as a member of the news media for fee purposes.

143.     Plaintiff has been and will continue to be irreparably harmed until Defendants are
ordered to comply with FOIA and PA.


PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)   Declare Defendants' failure to comply with FOIA and PA to be unlawful;

(2)   Order Defendants to search for and process the requested records without further delay
and without payment of search, review, and duplication fees;

(3)   Enjoin Defendants from withholding non-exempt, responsive records;

(4)   Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in
this action pursuant to 5 USC § 552(a)(4)(E)(i) and 5 USC § 552a(g)(3)(B);

(5)   Grant Plaintiff such other and further relief which the Court deems proper.


Respectfully Submitted,

 /s/ Jeffrey Light
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*