# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FRANCISCO E. MARTÍNEZ,

    *Plaintiff*,

v.

DEPARTMENT OF JUSTICE *et al.*,

    *Defendants*.

Civil Action No. 16-1506 (TJK)

## MEMORANDUM OPINION AND ORDER

Plaintiff Francisco Martínez is an attorney conducting research on the Chicano civil rights movement. *See* ECF No. 21 ("Pl.'s Opp.") at 1-2, 10. On September 16, 2015, Martínez submitted sixteen separate Freedom of Information Act ("FOIA") requests to various subcomponents of seven federal agencies.[1] *See* ECF No. 19-1 ("Defs.' Mot.") at 2; ECF No. 1 ("Compl.") ¶¶ 19-122. The requests sought information on specific people, organizations, events, and publications related to the Chicano civil rights movement in Colorado from 1968 to 1978. *See* Pl.'s Opp. at 10; ECF No. 21-1 ("Martínez Decl.") at 4. The requests to each agency were not identical, but many of them overlapped. *See* ECF No. 21-2 to 21-8 (Ex. 1A-1G); Pl.'s Opp. at 5-9. Martínez also applied for a fee waiver, or in the alternative, to be considered a media representative for fee purposes for each of his FOIA requests. Compl. ¶¶ 19-122.

On July 22, 2016, Martínez filed suit against the seven federal agencies, alleging that they had improperly withheld records responsive to his FOIA requests and incorrectly denied his

---

[1] Defendants are: the (1) Department of Justice, (2) National Security Agency, (3) Department of Homeland Security, (4) Department of Defense, (5) Central Intelligence Agency, (6) Bureau of Indian Affairs, and (7) Office of the Director of National Intelligence.

requests for fee waivers. *Id.* ¶¶ 123-143. On August 3, 2017, Defendants filed a Motion to Sever for Improper Joinder. Defs.' Mot. On August 17, 2017, Martínez responded, filing his opposition and attaching a declaration and the FOIA requests at issue as exhibits. Pl.'s Opp. On August 31, 2017, Defendants filed their reply brief in support of their Motion. ECF No. 23. For the reasons set forth below, Defendants' Motion is **DENIED**.

## I.  Legal Standard

Under Rule 20(a)(2), a plaintiff may join defendants if he or she demonstrates that: (1) "any right to relief . . . asserted against them . . . aris[es] out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).[2] Both the "same-transaction" and "common-question-of-law-or-fact" prongs of the rule are meant to be "liberally construed" in order to promote the "just, speedy, and inexpensive determination of the action." *Davidson v. District of Columbia*, 736 F. Supp. 2d 115, 119 (D.D.C. 2010) (quoting *Lane v. Tschetter*, No. 05-cv-1414, 2007 WL 2007493, at *7 (D.D.C. July 10, 2007)). "[U]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *M.K. v. Tenet*, 216 F.R.D. 133, 143 (D.D.C. 2002) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

Although all joined claims must arise from the same transaction, the Supreme Court has recognized that "'[t]ransaction' is a word of flexible meaning," which is dependent "not so much upon the immediateness of [the claims'] connection as upon their logical relationship." *Feld Entm't Inc. v. Am. Soc'y for Prevention of Cruelty to Animals*, 873 F. Supp. 2d 288, 305 (D.D.C.

---

[2] Rule 20(a)(1), which governs joinder of plaintiffs, uses language substantially similar to that in Rule 20(a)(2). Thus, in this opinion, the Court relies on cases that apply this language under either subsection of Rule 20(a).

2

2012) (quoting *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)).  Thus, to meet Rule 20(a)(2), the claims must be "logically related" to each other, *Davidson*, 736 F. Supp. 2d at 119, although "[a]bsolute identity of all events is unnecessary," *In re Vitamins Antitrust Litig.*, No. MISC 99-197 (TFH), 2000 WL 1475705, at *18 (D.D.C. May 9, 2000) (internal quotation marks omitted); *see Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).  The "logical relationship" test is "flexible," *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004), and is to be "construed in a legal climate that favors joinder," *Alexander v. Edgewood Mgmt. Corp.*, 321 F.R.D. 460, 463 (D.D.C. 2017).

The second prong of Rule 20(a)(2) is also to be broadly interpreted, requiring only that "some common question of law or fact" connects the claims against defendants, but not that all legal or factual questions are common to all parties involved.  *Disparte*, 223 F.R.D. at 11 (citing *Mosley*, 497 F.2d at 1334).  Even if joinder is proper under Rule 20(a)(2), Rule 21 permits courts to sever claims "upon a sufficient showing of prejudice to the defendant, delay, or potential for jury confusion."  *Alexander*, 321 F.R.D. at 464 (citing *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008)).

**II.     Analysis**

   **A.     Rule 20(a)(2) – "Same-Transaction" Prong**

The Court concludes that Martínez's FOIA requests involve the same transaction because they are "logically related."  All of his requests seek records referring to or relating to specific individuals, organizations, and events connected to the Chicano civil rights movement in Colorado from 1968 to 1978.  Pl.'s Opp., Ex. 1A-1G.  That is sufficient to meet the legal standard here.  FOIA requests are "logically related" when they belong to "essentially identical categories of records . . . regarding the same underlying subject matter."  *Envir. Integrity Proj. v.*

3

*Small Bus. Admin.*, No. 1:13-cv-01962, 2014 WL 2768853, at *1-2 (D.D.C. June 16, 2014). Although each agency received a request for a different combination of individuals, organizations, and events, there is significant overlap among the requests—as demonstrated by the charts provided by Martínez. *See* Pl.'s Opp. 5-9. The "same-transaction" prong does not require that all of these requests be identical. *See Mosley*, 497 F.2d at 1333; *Alexander*, 321 F.R.D. at 463 ("That there are some material differences between the allegations against each defendant 'does not automatically bring such claims outside the same transaction or occurrence language.'" (quoting *Montgomery*, 532 F. Supp. 2d at 36)). Indeed, Martínez could have submitted identical FOIA requests for records to each agency. Instead, as he explains, he requested the records that each agency was most likely to have. Pl.'s Opp. at 10. To require Martínez to have submitted identical FOIA requests here would incentivize individuals in his position to submit unnecessary requests to each agency in an effort to strengthen a case for joinder.

Furthermore, Martínez submitted all of the FOIA requests at issue to Defendants on the same day. While that alone does not prove that the claims arise out of the same transaction, combined with the fact that the records requested pertained to the same limited subject matter, it is further evidence of a "logical relationship" among the claims. *See Envir. Integrity Proj.*, 2014 WL 2768853, at *1 (noting that for "logically related" claims, plaintiff requested records on the same day, but denying joinder of claims arising from requests filed two months later).

Defendants misapply the "logical relationship" test by requiring an "allegation of concerted action between [joined] defendants." Defs.' Mot. at 5 (citing *Spaeth v. Mich. State Univ. Coll. of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012); *U.S. ex rel. Grynberg v. Alaskan Pipeline Co.*, No. 95-725, 1997 WL 33763820, at *1 (D.D.C. Mar. 27, 1997)). The cases they

4

cite are easily distinguishable. In *Spaeth* and *Grynberg*, both courts required "concerted action" because defendants were independent corporate or non-profit defendants and were related only because they allegedly committed similar violations of federal law. *See Spaeth*, 845 F. Supp. 2d at 50 (requiring "concerted action" where individual law schools each chose not to hire plaintiff);[3] *Grynberg*, 1997 WL 33763820, at *2 (requiring "concerted action" where sixty defendants were connected only by allegedly committing "similar actions at different times and different places," namely by submitting "distinct and separate false statements on different contracts").

In this case, Defendants are all federal agencies with law enforcement and intelligence-gathering functions that Martínez asserts monitored the Chicano civil rights movement in Colorado during the time period in question.[4] These agencies are not "totally independent actors" as the defendants were in *Spaeth* and *Grynberg*. Martínez asserts that several of the relevant agencies coordinated certain operations relating to the Chicano civil rights movement, and identifies specific inter-agency memoranda that reflect such coordination. Pl.'s Opp. at 11. Moreover, Defendants are all components of the federal government and are subject to similar policies. *See Alexander*, 321 F.R.D. at 463 (finding logical relatedness between housing discrimination cases where housing providers had "limited discretion as to whose applications

---

[3] Courts in this Circuit have developed specific factors for evaluating proper joinder in the employment discrimination context. *See Montgomery*, 532 F. Supp. 2d at 36 ("In employment discrimination cases, courts often consider the circumstances surrounding the plaintiffs' claims, including the people involved, the location, the time frame, and the defendant's pattern of behavior.").

[4] Although the Bureau of Indian Affairs ("BIA") would not ordinarily be considered an agency dealing with law enforcement or intelligence-gathering, Martínez noted in his request to the BIA that a majority of the records requested would likely "be found in the archives of the police agencies that are part of the Bureau of Indian Affairs." Pl.'s Opp., Ex. 1A at 2.

5

they [could] reject" since they were both subject to the same regulating authority). Perhaps for that reason, courts in this Circuit generally do not require "concerted action" to justify joinder in FOIA cases. *See, e.g.*, *Envir. Integrity Proj.*, 2014 WL 2768853, at *1 (deciding to join agencies in a FOIA action without any reference to a "concerted action").

For the reasons described above, and in light of the fact that the term "transaction" has a "flexible meaning," the Court finds there is a sufficient "logical relationship" among Martínez's claims to satisfy this prong of Rule 20(a)(2). However, in order for joinder to be proper, the second prong of the statue must be met as well.

**B.    Rule 20(a)(2) – "Common-Question-of-Law-or-Fact" Prong**

The Court also concludes that Martínez's claims arise under a common question of law or fact. Under Rule 20(a)(2), claims must be related by "some common question of law or fact . . . but not all issues have to be common to all [claims]." *Montgomery*, 532 F. Supp. 2d at 35. An agency's assertion of the same FOIA exemption to justify withholding documents covering the same subject matter can present a common question of law. *See Envir. Integrity Proj.*, 2014 WL 2768853, at *1. For example, in *Environmental Integrity Project*, the court found that two agencies' withholding of similar documents under Exemption 5 gave rise to a common question, but declined to allow the plaintiff to join a third agency that had invoked a different exemption. *See id.* at *1-2.

In this case, as in *Environmental Integrity Project*, it appears that certain common exemptions will be asserted by the agencies at summary judgment, giving rise to common questions of law. Martínez has already indicated that he anticipates and may dispute the invocation of certain exemptions, particularly Exemptions 1, 3, and 7. Pl.'s Opp. at 10-11. This does not mean that every claim will raise the same questions of law. As Defendants suggest, the

6

analysis of these exemptions may differ among the claims, depending on the specific facts. However, due to the overlapping nature of Martínez's requests, it is likely that the Court will be asked to apply the same exceptions to documents and records that, if not identical, at least share the same underlying subject matter. The Court is satisfied that, as the litigation now stands, there is likely to be *some* common question of law or fact between the claims. As the litigation proceeds, if it becomes clear that the claims against a particular agency involve no such common questions, that Defendant may renew its motion to sever.

Additionally, as Martínez notes, the same question of fact regarding his fee status must be addressed with respect to all of the FOIA requests he has submitted. Although individual agency policies determine who is eligible for fee waivers, Defs.' Mot. at 7, the Court must make a factual determination as to whether Martínez meets FOIA's statutory definition of a "representative of the news media" for the purpose of qualifying for a fee reduction, *see* 5 U.S.C. § 552(a)(4)(A)(i); *cf. Alexander*, 321 F.R.D. at 464 ("Here, the identity of the plaintiff also might be considered a common question of fact . . . because the plaintiff's identity, and how certain elements of his personal history relate to federal regulations, is exactly what is at issue.").

Although this case may involve differing legal and factual questions, the Court finds that Martínez has also shown that his claims against Defendants share at least *some* common questions of law or fact, which is all that is required. *See Montgomery*, 532 F. Supp. 2d at 35. Therefore, the Court concludes that Defendants are properly joined under Rule 20(a)(2).

C.      **Rule 21 – Prejudice to the Defendants**

Despite the fact that Defendants are properly joined under Rule 20, Rule 21 permits courts to sever claims "upon a sufficient showing of prejudice to the defendant, delay, or potential for jury confusion." *Alexander*, 321 F.R.D. at 464 (citing *Montgomery*, 532 F. Supp.

2d at 35). Defendants argue that they will be prejudiced by proceeding as joined. But they have not sufficiently demonstrated such prejudice, and thus the Court declines to sever.

Defendants argue that they face potential prejudice in two ways. First, Defendants contend that failing to sever these claims will significantly delay proceedings because "the lawsuit can only proceed to final judgment as quickly as can the slowest component agency," thus "no decision in favor of any agency would be final until all claims in the case are resolved." Defs.' Mot. at 8-9. But that argument alone cannot justify severing the case, because there are other procedures better suited to avoiding such prejudice. Specifically, Rule 54(b) allows the Court to enter final judgment for one or more joined parties "if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Thus, the Court may finalize individual claims against each agency to avoid prejudicing them.

Second, Defendants claim that joinder will prejudice the agencies because, "to the extent that Plaintiff is successful on his FOIA claims as to one or more of the parties, and seeks to recover attorney's fees, it would be very difficult to segregate the fees between the unsuccessful and successful claims." Defs.' Mot. at 9. However, as Martínez emphasizes, the burden will be on him, as Plaintiff, to justify fees for each agency at the conclusion of litigation if he prevails. Pl.'s Opp. at 15. In addition, any disputes over the fees would be more easily resolved if the claims remained consolidated in one case. The Court also notes that joinder has the potential to work in the agencies' favor on attorneys' fees, because it may allow the parties to consolidate any motion practice and thereby reduce Martínez's fees.

## III. Conclusion and Order

For all of the above reasons, Defendants' Motion to Sever, ECF No. 19, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly<br>TIMOTHY J. KELLY<br>United States District Judge

Date: February 27, 2018